**RAYON v. LANDRY et ux.   (No. 8896.)**

(Court of Civil Appeals of Texas. Galveston. Dec. 16, 1926.)

1. **Parent and child ⬤⟳2(3)—Statute relating to grounds for taking child from adoptive parent does not inhibit court from placing child where its best interests will be subserved (Vernon's Sayles' Ann. Civ. St. 1914, art. 7).**

   Vernon's Sayles' Ann. Civ. St. 1914, art. 7, relating to grounds upon which child may be taken from adoptive parent, does not inhibit court for inquiring into condition surrounding child, and from exercising discretion in placing its custody where best interests of child will be subserved.

2. **Habeas corpus ⬤⟳85(1)—Where relation of adoptive parent was established, presumption arose that child's welfare would be best promoted by continuation of that guardianship.**

   Grandmother, as adoptive parent, stood in loco parentis as to child, and, having proved those facts in proceeding to recover child, presumption arose that child's welfare would be best promoted by continuation of that guardianship, and burden of proving otherwise rested upon those denying its return.

3. **Habeas corpus ⬤⟳85(1)—Evidence held not to overcome presumption that child's welfare would be best promoted by placing it with adoptive parent, its grandmother.**

   In habeas corpus proceeding by grandmother to recover possession of adopted child, evidence of defendants denying its return failed to overcome presumption that child's welfare would be best promoted by placing its custody with its adoptive parent, its grandmother.

Appeal from District Court, Galveston County; Leo C. Brady, Judge.

Habeas corpus proceeding by Mrs. Dora Rayon against C. J. Landry and wife to recover possession of child. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellant.

GRAVES, J. Mrs. Dora Rayon, its grandmother and adopted parent, brought this action by writ of habeas corpus to recover possession of the 17 months old child, Richard Louis Buford. After a trial before the court without a jury, judgment was rendered against Mrs. Rayon, and she prosecutes this appeal therefrom to this court.

The trial court stated conclusions of fact and law, but, upon consideration of the record, we do not think the facts properly found from the evidence established with that certainty the courts should require that the interest of the child, or of society, demands that he should be taken from his adoptive mother and continued in the possession of others. The facts disclose that the appellee Mrs. Landry is a daughter of the appellant, but that the child involved, as is also another boy six years old, is the child of another daughter, Mrs. Buford; that on June 6, 1926, by an instrument or deed of gift, in proper compliance with out statute on the subject, Mrs. Buford transferred her parental authority over both her children to their grandmother, under recitation that their father was a transient person and had forsaken them, and that on the same date, by an instrument in like conformity to the statute of adoption, the grandmother adopted both children, being at the time in actual custody of them, and that both of these instruments were duly filed and recorded in the office of the county clerk of Harris county within three days after their date; that thereafter the appellees in some way procured possession of both children, subsequently returning one of them to its grandmother at Goose Creek in Harris county, but keeping the younger one at their home in Galveston, and which they still held at the time of this trial.

[1, 2] The trial court appears to have concluded that the best interest of the child would be subserved by placing its care and custody with its aunt and uncle in Galveston rather than with its grandmother and adoptive parent, deciding in that connection that article 7, Vernon's Sayles' Statutes of 1914, relating to the grounds upon which a child may be taken from an adoptive parent, did not inhibit the court from inquiring into the conditions surrounding the child, and from exercising its discretion in placing its custody where it concluded the best interest of the child would be subserved.

While we agree with the learned trial court in this construction of the statute, we think, as before indicated, that the evidence did not establish that its best interest would be so subserved. Appellant, as the grandmother and adoptive parent, stood, as to the child, in loco parentis, and having been in that posi-

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion at the time the child was taken from her, and having proved those facts in this proceeding to recover its custody, a permanent right in her to its control was thereby established. This situation gave rise to a presumption that its welfare would be best promoted by a continuation of that guardianship, and the burden of proving that it would not be rested upon the appellees, who were denying its return to her would so redound to its benefit. Wood v. Deaton, 93 Tex. 243, 54 S. W. 901.

[3] Under the uncontroverted evidence, this burden was not met. The grandmother was admittedly shown to be a woman of good moral character, maintaining a home at Goose Creek, Tex., with her family, which consisted of three nearly grown sons, a daughter in her teens, and these two small grandchildren. Her circumstances were such that she could properly care for and nurture the child, she being in that respect in no inferior position to that of the appellees, and possessing the advantages over them of having the custody of the older brother, too, so that she could rear the two children together.

There is no further intimation in the record that appellant had ever been, or ever would be, other than an affectionate and solicitous parent to this child, while it was admittedly shown that the appellees had demanded and received money from its mother for its support during at least part of the time it was in their possession, having also threatened to return it to its grandmother unless the money was paid.

Without further detailing the facts, we conclude that it plainly appears from the evidence as a whole, not only that no question was raised as to appellant's moral or other qualifications for the discharge of her parental duties toward this child, but also that its own interest would be best served by restoring it to her care to be there nurtured in association with its older brother. It follows that the trial court's contrary order was an improvident one. That order will accordingly be vacated, and this court's judgment will enter, decreeing that the child, Richard Louis Buford, be remanded back to the custody of its grandmother, the appellant herein.

Reversed and rendered.