Joseph C. CAMP et ux., Appellants,

v.

Jamie NEWSOM, Appellee.

No. 3675.

Court of Civil Appeals of Texas.

Waco.

Nov. 12, 1959.

Rehearing Denied Dec. 2, 1959.

**348**

J. Alex Blakeley, Dallas, for appellants.

Storey, Armstrong & Steger, Dallas, for appellee

McDONALD, Chief Justice.

This is an action for Writ of Habeas Corpus brought by Jamie Newsom, appellee, against Hazel Camp and husband, appellants. The issue before the Trial Court was whether three minor children were being illegally restrained by appellants. The Trial Court found that appellee had been appointed guardian of the estates and persons of the minor children by judgment of the Probate Court of Pulaski County, Arkansas, and that by virtue of such judgment appellee was entitled to custody of the children. The Trial Court held that Writ of Habeas Corpus should issue and ordered appellants to turn over the three children to appellee.

On application the Trial Court filed Findings of Fact and Conclusions of Law, pertinent extracts of which follow:

1) Henry Scott and Rebecca Scott, the natural parents of the three minor children, are deceased, both having died on 5 January 1959 at Little Rock, Pulaski County, Arkansas.

2) The permanent place of residence of both natural parents at and immediately prior to the time of their deaths was Little Rock, Pulaski County, Arkansas.

3) The three minor children had resided with both their natural parents in Little Rock, Pulaski County, Arkansas, from the time of their respective births until the deaths of their parents.

4) Petitioner Jamie Newsom is the paternal grandmother of the three minor children, and respondent Hazel Camp is the maternal grandmother of the three minor children.

5) Petitioner Jamie Newsom made application to the Probate Court of Pulaski County, Arkansas, for appointment of herself as guardian of the persons and of the estates of her three grandchildren.

6) The proceedings of the guardianship were designated Cause No. 34565 and styled: "In the Matter of Sue Ellen Scott, Norma Joe Scott, and Charlotte Jean Scott, Minors."

7) The place of residence of the three minor children at the time said guardianship proceedings were instituted was Little Rock, Pulaski County, Arkansas.

8) An order was made by the Judge of the Probate Court of Pulaski County, Arkansas, on 13 January 1959 ordering that the three minor children were not to be taken from Pulaski County, Arkansas, pending further orders of said court in Cause 34565.

9) On 15 January 1959, respondents brought the three minor children to Dallas,

Texas, from Little Rock, Pulaski County, Arkansas.

10) Two of the three minor children were under medical treatment in Little Rock, Arkansas, at the time respondents departed with them on 15 January 1959.

11) Respondents were cognizant of the proceedings for the guardianship of the three minors in the Probate Court of Pulaski County, Arkansas, Cause 34565, and employed counsel to represent and appear for them in said proceedings, and said counsel did in fact appear for them in said proceedings prior to the making of the aforesaid order.

12) On 16 January 1959, petitioner Newsom was appointed guardian of the persons and estates of the three minor children by the Probate Court of Pulaski County, Arkansas, in Cause 34565.

13) And letters of guardianship of the three minors were issued to Jamie Newsom on 16 January 1959 by the Probate Court of Pulaski County, Arkansas, in Cause 34565.

14) At the time of the filing of petitioner's application for Writ of Habeas Corpus in Dallas County and at the time of such hearing the three minor children were living with respondents in Dallas County, Texas.

15) Art. 57–625, subd. a, of the Arkansas Probate Code provides: "Custody. The guardian of the person shall be entitled to the custody of the ward  *  *  *."

16) At the time of the hearing on the application for Writ of Habeas Corpus, one week had elapsed since the appointment of petitioner as guardian of the persons and estates of the three children by the Probate Court in Arkansas.

17) In the week which elapsed, there was no change in the facts and circumstances of the parties herein which affected their respective abilities to care for the minor children.

Conclusions of Law

1) The domicile of the three minor children prior to and at the time of the instituting of the guardianship proceedings in Pulaski County, Arkansas, was Pulaski County, Arkansas.

2) The Probate Court of Pulaski County, Arkansas, had jurisdiction and authority to determine the custody and control of the three minor children in the proceedings to appoint the guardian of the persons and estates of the three minor children.

3) Petitioner was duly and legally appointed as guardian of the persons and estates of the three minor children by the Probate Court of Pulaski County, Arkansas, and is presently entitled to the custody and control of said children.

4) The bringing of the three minor children by respondents from Little Rock, Arkansas, to Dallas, Texas, was in violation of the order of the Probate Court of Pulaski County, Arkansas, made on 13 January 1959.

5) There has not been any change of conditions since the appointment of petitioner as guardian of the persons and estates of the three minor children by the Probate Court of Pulaski County, Arkansas, which would warrant this court's refusal to give full faith and credit to the orders of the Probate Court of Pulaski County, Arkansas.

6) Respondents are illegally restraining the three minor children and are illegally withholding them from petitioner, their legally appointed guardian.

Respondents appeal, contending: 1) That the Arkansas Court had no jurisdiction over the respondents or the children; 2) that the Conclusions of Law of the Trial Court are in error.

The factual situation before us is not complex. The father and mother and the three minors involved lived in Pulaski County, Arkansas. On 5 January 1959 the father and mother were killed. On 9 Jan-

uary 1959 petitioner, the paternal grandmother, instituted guardianship proceedings in Pulaski County, Arkansas, asking to be appointed guardian of the three minors. Respondents were aware of the proceedings and secured legal counsel to represent them in the proceedings. On 13 January 1959 the court ordered a Welfare Department investigation of the matter and further ordered that the children be not taken from Pulaski County, Arkansas, pending further orders of the court. On 15 January 1959 respondents took the children without consent of the court or anyone else and brought them to Dallas, Texas. On 16 January 1959 the Probate Court of Pulaski County, Arkansas, appointed petitioner guardian of the persons and estates of the three minors, which included provisions giving custody of the three minors to petitioner. On 21 January 1959 petitioner filed the instant application for a Writ of Habeas Corpus, seeking custody of the three minors.

 The Probate Court of Pulaski County, Arkansas, had jurisdiction over the three minors. Removal of the three minor children to Texas, in violation of the court's order, did not result in loss of such jurisdiction. Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551; Train v. Train, Tex.Civ.App., 209 S.W.2d 212 (no writ hist.); Allee v. Van Cleave, Tex.Civ.App., 263 S.W.2d 276 (no writ hist.); Bell v. Silas, 223 Ark. 694, 268 S.W.2d 624; Trammell v. Trammell, 20 Tex. 406, 407; Lamar v. Micou, 112 U.S. 452, 5 S.Ct. 221, 28 L.Ed. 751. The Arkansas court awarded custody to petitioner. In the absence of fraud, or want of jurisdiction affecting its validity, and in the absence of changed conditions, a decree of custody by a foreign court is entitled to full faith and credit in Texas courts under the provisions of Art. IV, Sec. 1 of the U. S. Constitution, Title 28, § 1738, U.S.C.A.; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77; Oldham v. Oldham, Tex.Civ.

App., 135 S.W.2d 564, W/E Refused; Miller v. Schneider, Tex.Civ.App., 170 S.W.2d 301.

We think the Findings of Fact, Conclusions of Law, and the judgment of the Trial Court are correct; the judgment appealed from is therefore affirmed.