**Joseph C. CAMP et ux., Appellants,**

v.

**Jamie NEWSOM, Indiv. and as Guardian, et al., Appellees.**

**No. 16057.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 9, 1962.

J. Alex Blakeley and Rae Ann Fichtner, Dallas, for appellants.

Shields, Jones & Whittington, Dallas, for appellees.

DIXON, Chief Justice.

Appellees Jamie Newsom and her husband, Eugene Newsom filed a suit in the nature of a Bill of Review against appellants Joseph C. Camp and wife Hazel M. Camp. In their amended petition appellees ask the Juvenile Court of Dallas County (1) to set aside a judgment of adoption of three children; (2) to decline to take jurisdiction of matters pertaining to the custody of said children; and (3) to order appellants to deliver said children to appellees forthwith. Jamie Newsom sued individually and as guardian of the persons and estates of the children.

A summary judgment was rendered in favor of appellees in the case, and an appeal from said judgment is now pending in this Court. The appeal has not yet been reached by us for submission and determination.

Meantime two motions have been filed by the parties, which motions are entitled to our consideration before the appeal is reached on its merits.

Appellants have filed a motion seeking (1) to have us grant a supersedeas bond and to enter an order that the custody or status of the children shall not be changed or disturbed during the pendency of this appeal; and (2) to enter an order directing the trial court to refrain and desist from conducting or allowing any further proceedings in the case, such as the taking of depositions or the development of further evidence by any method whatever, pending our determination of the appeal on its merits.

Appellees have filed a motion to dismiss the appeal. They contend that the summary judgment entered by the trial court is not a final judgment in that it does not dispose of all the issues presented by the controversy. More specifically appellees say that the summary judgment merely sets aside the judgment of adoption previously entered by the trial court, and leaves undetermined the matters pertaining to the custody of the children.

We shall first consider appellees' motion to dismiss the appeal. In opposing appellees' motion appellants assert that in passing on the question whether the court's decree is a final judgment we must confine ourselves to the terminology of the written decree itself, without recourse to extraneous statements by the court. Among other cases cited by appellants in support of this contention are Jones v. Willoughby, Tex.Civ. App., 245 S.W.2d 341; Harrison et al. v. Manvel Oil Co., 142 Tex. 669, 180 S.W.2d 909; Davis v. First Nat. Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1; and Austin, Commissioner, et al. v. Conaway, Tex.Civ.App., 283 S.W. 189.

In our opinion the cases cited by appellants are not applicable to the situation presented by the record in this case. Even if we were to confine ourselves to the terminology of the written decree itself, as appellants want us to do, it is our opinion that the judgment does not dispose of the issues involving the custody of the children. In this connection we quote material parts of the judgment:

"This, the 24 day of October, 1961, in the above entitled and numbered

cause, came on to be heard Plaintiff's motion for Summary judgment, * * whereupon the Court proceeded to consider such Motion, and the Court having heard and considered same, * * is of the opinion and hereby finds that there is no genuine issue as to any material fact existing between the parties; that Plaintiffs are entitled to judgment as a matter of law, and that Plaintiffs' Motion should be and is hereby in all things granted and sustained; and that the Judgment of Adoption heretofore entered by this Honorable Court on the 3rd day of October, 1960, in Cause No. 60–1850–J on the Docket of this Court should be in all things set aside and held for naught.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiffs' Motion for Summary Judgment is hereby in all things granted and sustained;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Judgment of Adoption heretofore granted and entered by this Honorable Court on the 3rd day of October, 1960 in Cause No. 60–1850–J on the Docket of this Court is hereby set aside and same shall be of no further force and effect and is hereby in all things held for naught;

"AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants here, Joseph C. Camp and Hazel M. Camp, do not stand in the relationship of adoptive parents as to the minor children herein, being SUE ELLEN SCOTT, NORMA JOE SCOTT AND CHARLOTTE JEAN SCOTT, minors.

"SIGNED AND ENTERED this 24 day of October, 1961.

/s/ Lewis F. Russell
Judge."

We think it is plain from a reading of the above recitations that the trial court was acting only on the question of setting aside the earlier judgment of adoption. Under Rule 166–A, § (d), Texas Rules Civil Procedure it is permissible for the court under some circumstances to render summary judgment on less than the whole case. The court did so in this instance, as is shown by the judgment itself.

However, we need not look to the judgment alone to find support for our holding. Rule 166–A § (d) expressly provides that the court may make an order specifying the facts that appear without substantial controversy and directing such further proceedings in the action as are just. In this case the court filed instruments denominated "Conclusions of Law" and "Additional Conclusions of Law." Regardless of the form or name given these instruments they are in substance a compliance with the provisions of Rule 166–A, § (d) as above mentioned. We quote from the instrument denominated "Additional Conclusions of Law":

"* * * the facts disclosed by the Exhibits attached to Plaintiffs' Motion for Summary Judgment, as well as the pleadings of the parties in the above entitled and numbered cause, affirmatively disclose that the facts and circumstances which must necessarily be present to authorize the Court to permit an adoption under the terms of Article 46–A, Sec. 6, [Vernon's Ann.] Revised Civil Statutes of the State of Texas, did not exist at the time of the filing of the Petition of Adoption and at the time of entry of Judgment thereon on October 3, 1960, and by virtue thereof such Judgment of Adoption should be set aside AND HELD FOR NAUGHT. * * *.

"* * * the only issue which was presented by Plaintiffs' Motion for Summary Judgment upon which Judgment could be rendered as a matter of

law and on which plaintiffs demonstrated there was no fact issue, was the issue that the Court did not have jurisdiction to enter the Judgment of Adoption, dated October 3, 1960, * *. All other relief sought by Plaintiffs in their Second Amended Original Petition remains pending adjudication.

/s/ Lewis F. Russell<br>Judge."

■ It is a well established rule of law that when a suit is brought for Bill of Review to set aside a judgment, an order entered therein which merely sets aside the prior judgment without disposing of the entire controversy is not a final judgment from which appeal will lie. Hubbard v. Tallal, 127 Tex. 242, 92 S.W.2d 1022.

■ Even if this were not a Bill of Review no appeal would lie in the present state of the record. In this case there has been no severance of appellees' action to set aside the adoption judgment from their plea for adjudication of issues pertaining to custody. In the absence of such a severance a decree failing to dispose of all issues and actions is not an appealable final judgment. Holub v. Nortex Oil & Gas Corp., Tex.Civ.App., 330 S.W.2d 491; Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200; and Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173.

We sustain appellees' motion to dismiss the pending appeal in this matter. It necessarily follows that appellants' motion for supersedeas and a stay order has been swept away with the dismissal of the appeal and is no longer pending before us. Or if it be thought that appellants' motion is still before us, then we must overrule the motion, which we here and now do.

Appellants' appeal is dismissed.

WILLIAMS, Associate Justice, not sitting.