**Anna Kathryn Burchard McDONALD, Appellant,**

v.

**Glenn Nelson BURCHARD, Appellee.**

No. 16013.

Court of Civil Appeals of Texas.

Dallas.

May 18, 1962.

Clifford S. Dillard, Dallas, for appellant.

Raggio & Raggio, Grier H. Raggio, Dallas, for appellee.

WILLIAMS, Justice.

This is a child custody case. Appellant and appellee were divorced in the State of New Mexico in 1958. In that divorce decree custody of their minor son, John Charles Burchard, was awarded to the mother. In 1960 appellee-father filed a petition in the District Court of Sierra County, New Mexico, seeking change of custody. Testimony was heard in September 1960 but the Judge of that Court deferred action until February 14, 1961 when an order was entered granting the father's application for change of custody. In the

meantime appellant and her son moved to Dallas County, Texas.

On March 1st, 1961 appellant-mother instituted this action in the Juvenile Court of Dallas County, Texas alleging a change of condition since the rendition of the New Mexico decree, and also alleging that it would be to the best interest of the minor that she be awarded custody. Thereafter, on May 9, 1961, appellee-father, filed an application for writ of habeas corpus in the Juvenile Court of Dallas County, Texas seeking to have the minor child delivered to him by virtue of the authority of the New Mexico decree. Upon a hearing of both actions appellant-mother was prepared to offer a large number of witnesses touching upon the question of change of condition and the best interest of the minor, but the Juvenile Judge refused to hear any testimony holding that he was bound by the New Mexico decree and therefore had no jurisdiction to hear the application for change of custody. The court thereupon dismissed the action for change of custody and granted the writ of habeas corpus. Upon being denied supersedeas by the Juvenile Judge, application was made to this Court, and after hearing, we granted supersedeas staying further proceedings pending this appeal.

■ The trial court was in error in refusing to hear the testimony in support of appellant's application for change of custody and in dismissing the action for want of jurisdiction. The New Mexico decree of February 1961 did not constitute a bar to any subsequent proceedings to determine change of conditions of the best interest of the minor child at the time of such trial. In the early case of Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368, our Supreme Court, speaking through Chief Justice Gaines, in a very similar case said:

"It follows that, in our opinion, the status of the father as a proper person to have the custody of the child at the time the decree of the territorial court of New Mexico was rendered was fixed by that decree, and that the judgment that he was entitled to such custody is res adjudicata but that the order is not a bar to a subsequent proceeding to modify it upon proof that the situation and character of the respective parties has so changed as to render it to the interest of the infant that it be committed to the care of the mother. * * * The question upon the *first trial* in a case of a character of this is, which is the more suitable party to be intrusted with the care of the child *at that time?* The question in the *subsequent proceeding* is, which is the more suitable at the time *of that trial?*" (emphasis supplied)

Our Supreme Court in Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876 said:

"Ordinarily the courts of the domiciliary state are in a better position to pass intelligently on the matter of the child's welfare, and good order frequently requires that they do so to the exclusion of courts of other states in which the child is temporarily resident. But where the latter are in a more or less equally good position to determine the child's best interest, and their doing so appears to involve no particular prejudice to good order or social welfare, they have jurisdiction."

■ Any question concerning the jurisdiction of the Juvenile Court of Dallas County, Texas in a case of this kind was laid at rest by the Supreme Court in the recent case of Short v. Short, 354 S.W.2d 933, (decided March 7, 1962) such case involving the very similar factual situation. The Supreme Court in holding that the Texas Court had jurisdiction, said:

"In the case at bar, however, petitioner invoked the jurisdiction of the Texas court by bringing the habeas corpus proceeding in Jim Wells County. He cannot now be heard to complain of the taking of such jurisdiction. Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79."

The identical rule is recognized by our sister State, New Mexico, as illustrated in such cases as Mylius v. Cargill, 9 N.M. 278, 142 P. 918; Evens v. Keller, 35 N.M. 659, 6 P.2d 200 and Albright v. Albright, 49 N.M. 302, 115 P.2d 59.

We observe nothing in this record to indicate that there would be a prejudice to good order or social welfare by the Texas court assuming jurisdiction in this case, especially where all the parties are before the court. The trial court was amply clothed with jurisdiction in this case and therefore was in error in refusing to hear the testimony concerning the best interest of the minor involved.

Appellant's points are sustained. Appellee's crosspoint, complaining of our action in granting supersedeas, is moot.

The judgment of the trial court is reversed for trial on the merits.

Reversed and remanded.