Frank C. RETHABER et ux., Appellant,

v.

Leslie BAUMANN et ux., Appellees.

No. 14712.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 2, 1968.

Rehearing Denied Nov. 6, 1968.

Jandt & Jandt, Seguin, for appellant.

Clark Murray, Floresville, for appellees.

BARROW, Chief Justice.

This is an appeal by the paternal grandparents of a one-year-old orphan boy from the judgment granting the petition of his maternal grandparents for leave to adopt said boy and changing his name to Steven Jay Baumann.

Appellants assert two points: "1. The method of the adoption of Steven Rethaber is a statutory proceeding and the statute has to be followed as there is no common law recognition of adoption. 2. Steven Rethaber is not a person subject to adoption without specific consent thereof." Appellants urge under these points that the adoption is invalid because of appellees' failure to comply with Art. 46a, Vernon's Ann.Civ.St., and particularly Sections 1a and 6 thereof, in that there was no consent attached to the adoption petition and no exception thereto alleged or proven. Appellants also urge that the adoption is invalid because no guardian ad litem was appointed to represent the minor.

Sec. 1a of Art. 46a provides in part: "Every petition for leave to adopt a minor child shall set forth among the facts relative to petitioner and child the following information: * * * (6) what written consent papers have been obtained from the natural parent or parents and if none obtained, then specify which exception to the necessity for such consent is applicable; * * *." Section 6 of this statute relates to the consent of parents and child and exceptions thereto. It provides in part: "Except as otherwise provided in this section,

no adoption shall be permitted except with the written consent of the *living* parents of the child; provided, however, * * *." (Emphasis added.) Exceptions to such consent by the living parents are set forth which apply where a parent or parents have abandoned or failed to properly support said child; where the parental rights have been terminated by a court of competent jurisdiction; where the child is not born in lawful wedlock, and in cases where the child has been placed for adoption with a licensed child-placing agency. There are no provisions in this section or elsewhere regarding consent when both parents are deceased at the time the petition for adoption is filed.

The minor child involved herein was born on December 2, 1966, the son of Robert Rethaber and Sharron Baumann Rethaber. On January 17, 1967, both parents were killed in an automobile accident. Shortly thereafter the baby was placed in appellees' home and Mrs. Baumann was appointed guardian of the person of said minor child. On October 26, 1967, this petition for adoption was filed, substantially in the form required by Sec. 1a, supra. There was no reference to consent for the adoption, although there was an allegation that both parents were dead. Appellants intervened and contested said petition largely on the basis of the conflict between said grandparents of the baby. On January 18, 1968, all parties appeared and, after hearing the evidence, the trial court granted the petition. Since there is no statement of facts filed herein, we must presume that the findings of the trial court are fully supported by competent evidence.

Appellants correctly point out that since adoption was unknown to the common law, statutory authority must be found to support same. See Grant v. Marshall, 154 Tex. 531, 280 S.W.2d 559 (1955). Appellants' argument is that there can be no valid adoption under Art. 46a where the parents are both deceased, in that there is no statutory exception to the consent by the parents which can be alleged by peti-

tioners to cover such a situation. A similar contention was urged and rejected in Newsom v. Camp, 380 S.W.2d 692 (Tex. Civ.App.—Dallas 1963, writ ref'd n. r. e.). It was there held that Art. 46a authorized the adoption of two young orphan sisters by their maternal grandparents over the objection of the paternal grandparents. The allegation by petitioners herein that the boy's parents were both dead was sufficient to explain why no consent was attached to the petition. Ex parte Blackstock, 319 S.W. 2d 167 (Tex.Civ.App.—Eastland 1958, writ ref'd n. r. e.).

There is no statutory requirement that a guardian ad litem be appointed for the minor to be adopted. The petition is filed by the adopting parent or parents and consent of the minor is not even required unless he is fourteen years of age or over. We have been cited to no authority and have found none which would require the appointment of a guardian ad litem in the situation before us.

The judgment is affirmed.