**In re Linda Joyce BENFIELD, a Minor.**

**No. 8139.**

Court of Civil Appeals of Texas, Amarillo.

May 17, 1971.

Merchant & Barfield, Wayne B. Barfield, Amarillo, for appellants.

No representation on appeal for appellee.

ELLIS, Chief Justice.

This is a habeas corpus proceeding instituted by appellee, Aaron Benfield, against appellants, Ruth Palmer and Coyt Palmer, to recover custody of a minor child, Linda Joyce Benfield. The appellant, Ruth Palmer, daughter of the appellee, is the natural mother of the minor child.

The appellee alleged in his Petition for Writ of Habeas Corpus that appellants had illegally restrained such minor child of her liberty in Potter County, Texas, and that by virtue of a final adoption decree entered on July 10, 1967, in the Probate Court for the Western District of Craighead County, Arkansas, he was entitled to the care, custody and control of the minor child in question. Appellants, as Respondents, answered appellee's Petition for Writ of Habeas Corpus by general denial and alleged that the Arkansas Adoption Decree relied upon by appellee should be held for naught and declared void as being in violation of the natural mother's constitutional right of due process of law and not entitled to full faith and credit by a Texas court. Respondents further alleged that the natural mother neither gave consent nor received personal notice of any proceeding for the adoption of the child in the state of Arkansas and was not within the jurisdiction of the state of Arkansas at the time of the purported adoption. Respondents further alleged that the natural mother is entitled to a full hearing in such proceeding to determine whether the child's best interest would be served by having the care, custody and control of the minor child restored to her. Also, Respondents pleaded alternatively that, since the entry of the Arkansas Adoption Decree, there has been a material change in the conditions, circumstances and environment of the natural mother and that it would be in the best interest of the minor child that her care, custody and control remain with the child's natural mother.

The Petition for Writ of Habeas Corpus was heard before the Domestic Relations Court of Potter County, Texas, without a jury, on the 29th day of June, 1970, and resulted in a judgment granting appellee's Petition for Writ of Habeas Corpus and ordering the immediate return of the minor child to the custody of the appellee in accordance with the Interlocutory Order and Final Adoption Decree entered in the above mentioned Probate Court in the state of Arkansas. The appellants' brief discloses that this judgment was announced immediately following the noon recess on the day of the trial, and the court declined to permit the presentation of further evidence by Respondents in behalf of their alleged claim for custody of the child or for the purpose of a bill of exceptions. From such judgment and action of the court appellants have brought their appeal on two points of error.

Appellants contend that the trial court erred (1) in granting appellee's Petition for Writ of Habeas Corpus on the grounds that the Adoption Decree of the state of Arkansas, based upon service by publication rather than personal service, was not entitled to full faith and credit under Article IV, Section 1, of the United States Constitution and in the courts of Texas, and thereby the natural mother of the child was denied her right of due process of law in violation of Section 1, Amendment XIV, of the United States Constitution; and (2) in failing to allow appellants to present further testimony in such proceeding in support of their contention that the transfer of the custody of the minor child from her natural mother to appellee would be

detrimental to the child's best interests and welfare.

■ The appellee filed no brief, and, in such instance, the reviewing court is warranted in accepting as correct the statements made by the appellants in their brief as to the facts or record. Rule 419, Texas Rules of Civil Procedure; Gonzales v. Gonzales, 224 S.W.2d 520 (Tex.Civ.App. —San Antonio 1949, writ ref'd); Jack Ritter Inc., Oil Co. v. Fred Bandas and Sons, Inc., Tex.Civ.App., 387 S.W.2d 70 (Tex. Civ.App.—Austin 1965, no writ); and Cuellar v. Cuellar, 406 S.W.2d 510 (Tex. Civ.App.—Corpus Christi 1966, no writ).

Prior to the noon recess of the hearing held on June 29, 1970, two witnesses were heard, (1) the appellee, Aaron Benfield, grandfather of the minor child, and (2) Ruth Palmer, daughter of the appellee and natural mother of the child who claimed she had neither consented to nor received personal notice of the Arkansas adoption proceedings and that at the time of such proceedings she was a nonresident of the state of Arkansas. The appellee testified that he had adopted the minor child in the state of Arkansas and introduced into evidence two duly authenticated exhibits, (1) Interlocutory Decree of Adoption, entered on October 31, 1966, reciting proper adoption notice and proof of publication thereof and issuance of proper notice therefor in accordance with the Arkansas Statutes; and (2) Final Adoption Decree, entered on July 10, 1967, reciting the absence of objection to the adoption since the entering of the Interlocutory Adoption Decree on October 31, 1966, and that it was in the best interest of the child that the adoption be granted and that the Interlocutory Decree be made final. There was presented certain testimony for evaluation by the court concerning the extent of appellee's knowledge and his efforts to secure information concerning the whereabouts of the natural mother of the child prior to the giving of the notice by publication. After consideration of the pleadings, a memorandum brief filed by Respondents and the exhibits above described, the trial court made the announcement that the Arkansas Adoption Orders were entitled to full faith and credit under the United States Constitution and that the Writ of Habeas Corpus would be granted.

■ Appellants have cited the case of Armstrong v. Manzo, 380 U.S. 545, 85 S. Ct. 1187, 14 L.Ed.2d 62, in support of their position that the natural mother was denied due process of law in the Arkansas Adoption Proceeding. It is noted, however, that in Armstrong v. Manzo, the non-consenting parent involved was given no notice of any character whatsoever, while in the instant case constructive notice was given to the non-resident natural mother by citation by publication in accordance with the statutes of the state of Arkansas. Also, in Armstrong v. Manzo, supra, the court recognized that "questions frequently arise as to the adequacy of a particular form of notice in a particular case," but such case does not pass upon the precise question as to whether constructive notice (citation by publication) would invalidate an adoption decree when constructive notice was authorized under certain circumstances by the state statutes.

It is generally recognized that under state statutes providing that when parental consent for adoption is not given, there must be service of personal notice upon the natural parent, if a resident of the state, *or citation by publication if such non-consenting parent is a non-resident,* and an adoption decree entered *without either actual, or constructive notice is void.* See 2 American Jurisprudence 2d, Adoption, Sec. 71, p. 918, and cases cited; and 2 Am.Jur. 2d, Adoption, Sec. 72, p. 919.

Further, it is well established that the burden is upon the person attacking a foreign decree of adoption to prove its invalidity by competent evidence. Also, such adoption decree establishes a custody that is entitled to full faith and credit under the federal constitution by a Texas court if the contesting party fails to show that the for-

eign state did not have jurisdiction to enter judgment. Allee v. Van Cleave, 263 S.W. 2d 276 (Tex.Civ.App.—Galveston 1953, no writ); Camp v. Newsom, 329 S.W.2d 347 (Tex.Civ.App.—Waco 1959, writ ref'd n. r. e.). After reviewing the evidence entitled to be considered regarding the whereabouts of the respective parties, the conditions and circumstances existing at the time of the adoption proceedings, together with the evidence concerning the citation by publication and the recitations contained in the Interlocutory and Final Adoption Decree, we sustain the trial court in its judgment recognizing the Arkansas Adoption Proceedings under the full faith and credit provision of the United States Constitution. We further hold that the Arkansas Adoption Decree is to be considered as conclusive on the question of custody until it is established by evidence of probative force that circumstances have been altered or conditions have changed with respect to the paramount issue of the welfare of the child. Camp v. Newsom, supra; Mahaffey v. Mahaffey, 219 S.W.2d 519 (Tex.Civ. App.—Amarillo 1949, no writ).

■ Although the Writ of Habeas Corpus Proceeding was instituted by the adoptive parent (Mr. Benfield, the grandfather) upon the theory of relieving the child from improper restraint, it has been held that the writ of habeas corpus proceeding is actually a method of invoking equity to protect a child's welfare. Long v. Smith, 162 S.W. 25 (Tex.Civ.App.—Amarillo 1914, no writ). Also, it has been held that when the court obtains jurisdiction over the matter, it will determine all questions raised regarding the right of custody. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Kell v. Texas Children's Home & Aid Society, 191 S.W.2d 900 (Tex.Civ.App.—Fort Worth 1945, writ ref'd n. r. e.). Also, see Herrera v. Herrera, 409 S.W.2d 395 (Tex. Sup.1966); and Harrell v. Harrell, 428 S. W.2d 370 (Tex.Civ.App.—Houston (14th District) 1968, writ ref'd n. r. e.).

The pleadings of Respondents have been considered, and although they have alleged only in general terms that it would be in the best interest of the child for her custody and control to remain with the child's natural mother, it is not required that technical rules of pleadings and practice be strictly followed in child custody cases and considerable liberality is permitted. McLean v. Lewis, 376 S.W.2d 428 (Tex.Civ. App.—Dallas 1964, writ ref'd n. r. e.); Burson v. Montgomery, 386 S.W.2d 817 (Tex.Civ.App.—Houston 1965, no writ); Casteel v. Mandel, 415 S.W.2d 512 (Tex. Civ.App.—Dallas 1967, no writ). Further, it is observed that appellee filed no exceptions to Respondents' pleading regarding their claims that the best interest of the child would be served by custody remaining in them.

We hold that since the child has been brought under the court's jurisdiction by virtue of the institution of this habeas corpus proceeding, in the final analysis, the suit and pleadings are to be considered in terms of custody and control based upon the best interest of the child, and the court is obligated in the exercise of its equitable powers to make full disposition of all matters relating to the paramount interest of the child and afford full hearing of evidence on all issues reasonably raised regarding such matters. Leithold v. Plass, 413 S.W.2d 698 (Tex.Sup.1967). Also see Bukovich v. Bukovich, 399 S.W.2d 528 (Tex.Sup.1966); McDonald v. Burchard, 357 S.W.2d 583 (Tex.Civ.App.—Dallas 1962, no writ); and Clark v. McCarter, 332 S.W.2d 363 (Tex.Civ.App.—Dallas 1960, no writ). In this connection, it is here noted that the adoptive parent (the grandfather, Mr. Benfield) by reason of the recognition of the Arkansas Adoption Decree, stands in loco parentis, and a presumption exists that he is best fitted to look after the child's welfare until rebutted by evidence of probative force that it is in the child's best interest that its custody be changed. Rayon v. Landry, 289 S.W. 745 (Tex.Civ.App.—Galveston 1926, no writ); Legate v. Legate, supra; Ex parte Cahill, 286 S.W.2d 210 (Tex.Civ.App.—Beaumont 1955, no writ).

In view of the foregoing, we affirm the judgment of the trial court insofar as it recognized the right of appellee to custody of the child under the Arkansas Adoption Decree, sustain appellants' second point of error and reverse and remand this cause for further hearing to afford appellants reasonable opportunity to submit evidence pertinent to changed conditions and germane to the paramount issue as to the best interest of the child.

Judgment affirmed in part and in part reversed and remanded for further proceedings consistent with this opinion.