**Ex parte Mark Layne BLACKSTOCK, a Minor.**

**No. 3412.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 28, 1958.

John R. Lee, Kermit, for appellant.

Beall, Nunn & Griggs, Sweetwater, for appellee.

COLLINGS, Justice.

This is a proceeding to adopt the minor child Mark Layne Blackstock. Steven LeRoy Culpepper and wife, Lorna Arwilta Culpepper, filed their petition to adopt the child in the District Court of Nolan County. The petition set forth the name, race, age, residence and address of each of the petitioners, the name to be given the child of adoption, the child's sex, race, birth date, birth place and the date upon which the

child was placed in the home of petitioners. The petition further alleged that when the child was seven months of age a judgment was entered in the Court of Domestic Relations of Harris County, decreeing said child to be dependent and neglected and terminating the parental rights of the natural parents L. D. Blackstock and wife, Jessie Marie Blackstock. The petition then alleged that because the parental rights of the natural parents had been terminated by order of a court of competent jurisdiction the written consent of the parents to the adoption was not necessary. It was requested, however, that citation be issued and served upon said natural parents, L. D. Blackstock and Jessie Marie Blackstock. They were served with citation and filed an answer, or plea of intervention, praying that the petition for adoption be denied and that the care, custody and control of the child be revested in them, his natural parents. Upon a hearing of the cause at the time at which it had been previously set, it was decreed that the relief requested by the intervenors be denied, that the petition of adoption be granted and that the adoption of the minor child, Mark Layne Blackstock, by petitioners, Steven LeRoy Culpepper, and wife, Lorna Arwilta Culpepper, be effected. Blackstock and his wife have appealed.

■■ We agree with the appellants' contention that an allegation in an adoption petition to the effect that written consent of the natural parent or parents has been obtained, or facts excusing such consent, is jurisdictional. Section 1a, Article 46a, Vernon's Ann.Tex.Civ.St.; Woodall v. Schmudlach, Tex.Civ.App., 299 S.W.2d 780. We cannot, however, agree with appellants' contention that the trial court was without jurisdiction in the instant case and that it erred in considering and in not dismissing the petition for adoption because there was no allegation of consent from the natural parents, or of which exception to the necessity for such consent is applicable, as required by Section 1a, Article 46a. The petition for adoption did not allege consent from the natural parents but it complied with Section 1a by specifying "which exception to the necessity of such consent" was applicable. It alleged that the parental rights of the natural parents had been terminated by order of a court of competent jurisdiction, naming the Court of Domestic Relations of Harris County, Texas. Section 6 of Article 46a sets out the exceptions to the necessity for such consent, one of which is that: "Consent shall not be required of the parents whose parental rights have been terminated by order of the Juvenile Court or other Court of competent jurisdiction."

Appellants contend in other points that the undisputed evidence shows that "there was no consent for the adoption or exception thereto" at the time of the filing of the petition and that the court, therefore, erred in overruling their motion to dismiss the cause and in proceeding to hear same. We cannot agree with this contention. The evidence shows the facts to be as alleged in the petition for adoption which was filed on January 21, 1958. Although no consent has been obtained from the natural parents, the parental rights of such parents had at the time been terminated by a decree of a court of competent jurisdiction. There was introduced into the evidence the decree of the Court of Domestic Relations of Harris County, entered on August 6, 1957, prior to the filing of the petition for adoption, in which it was adjudged that the minor child, Mark Layne Blackstock, was a dependent and neglected child and that the parental rights of the appellants had terminated.

It was further alleged in the petition for adoption and shown by the evidence that the decree of the Court of Domestic Relations of Harris County, declaring the minor child to be dependent and neglected and terminating the parental rights of the natural parents of the child, placed the temporary custody of such child in and adjudged him to be a ward of George Hermann Brazil and wife, Ina B. Brazil, subject to the further orders of that court. It was alleged and shown that thereafter on August 10, 1957, the said George Hermann Brazil and wife,

with the permission of the Harris County Court of Domestic Relations, placed the child in the home of the petitioners, Steven LeRoy Culpepper and wife, both of whom resided in Houston, Harris County, Texas, for the purpose of allowing them to adopt said child. It was alleged and shown that said Harris County Court, thereafter on December 11, 1957, ordered that custody of said child be placed in petitioners Steven LeRoy Culpepper and wife, and that they be allowed to take said child with them to Roscoe, Texas. There was also introduced and admitted into evidence an order of the Court of Domestic Relations for Harris County, Texas, dated February 4, 1958, which recited that it would be in the best interest of the minor child, Mark Layne Blackstock, for him to be adopted and that such court:

"Hereby consents to the Honorable District Court of Nolan County, Texas, if said Court sees fit, proper, and to be in accordance with the laws of this State relating to adoption and in the best interests of the minor child, Mark Layne Blackstock, to grant the petition for adoption filed with said District Court of Nolan County, Texas, by petitioners Steven LeRoy Culpepper and wife, Lorna Arwilta Culpepper."

It is contended in appellants' fourth point that the court erred in admitting into evidence over their objection the above order of the Domestic Relations Court of Harris County, dated February 4, 1958, for the reason that said order was obtained subsequent to the commencement of this cause and without notice to appellants, and that there was no pleading by appellees that apprised appellants that appellees were relying upon consent acquired subsequent to the commencement of this cause. We overrule appellants' point number four. There is no provision of Article 46a requiring the order complained of to have been obtained before the filing of the petition for adoption in Nolan County. Prior to the filing of such petition by the Culpeppers on January 21, 1958, the Harris County Court had on the 6th day of August, 1957, adjudged the minor child to be dependent and neglected and terminated the parental rights of appellants. The Harris County Court had by an order dated December 11, 1957, decreed that the custody of the minor child be placed in the Culpeppers and that they be permitted to take the child with them in their move from Harris County to their new home in Nolan County "until such time as this child shall have been permanently adopted in accordance with the laws of this State." The order of December 11, 1957, and the written petition of Mr. and Mrs. Brazil and the Culpeppers upon which the order was based clearly contemplated the eventual adoption of the child by the Culpeppers. The petition specifically stated the consent of the Brazils for the adoption. The order of the Harris County Court dated February 4, 1958, was in keeping with the obvious purpose of the statute and of the previous orders of that court and was not inadmissible because it was entered and obtained by appellees subsequent to the filing of their petition for adoption in Nolan County on January 21, 1958. Appellees' petition for adoption set out all of the facts required by Section 1a of the statute. Other facts material to the court's consideration of the cause are not rendered inadmissible merely because they were not set out in the petition, or because they were not in existence at the time the petition was filed. Appellants' complaint that the order of the Harris County Court was made without notice to them is untenible as is their contention that appellees' pleadings did not apprise them of appellees' intention to rely upon such an order in the adoption proceeding. Appellants' parental rights had been terminated by order of a court of competent jurisdiction. By the terms of the statute their consent to an adoption of the child was not required and there is no provision of the statute requiring any type of notice to them.

The judgment of the trial court is affirmed.