Erasmo GARCIA, Appellant,

v.

Rodolfo CANALES, Appellee.

No. 409.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 27, 1968.

Pena & McDonald, L. Aron Pena, Edinburg, for appellant.

Atlas, Schwarz, Gurwitz & Bland, Asa V. Bland, McAllen, for appellee.

## OPINION

SHARPE, Justice.

This is an adoption proceeding in which appellee, Rodolfo Canales, sought to adopt Marlon Eric Garcia, a boy born on August 29, 1957, to the marriage of Erasmo Garcia, appellant, and Elva S. Garcia, who were married on June 24, 1956, and divorced on February 4, 1960. The decree awarded custody of the minor child to his mother and ordered that the father pay the sum of $42.50 per month as child support. The mother subsequently married Rodolfo Canales on March 24, 1960 and then became Elva S. Canales. On December 2, 1966, Rodolfo Canales filed a petition for adoption of said minor child which was joined in by the mother. On January 17, 1967, appellant, the natural father intervened and opposed the adoption.

The case was tried on September 11, 1967 before the court and jury. The single special issue and the jury answer thereto are as follows:

"SPECIAL ISSUE NO. 1:

Do you find from a preponderance of the evidence that the Intervenor, Erasmo Garcia, failed to contribute substantially to the support of the minor child, Marlon Garcia, commensurate with his financial ability to do so, during any two-year period prior to the date of this trial?

You will answer this issue 'yes' or 'no'.

We, the Jury, answer: <u>yes</u> "

The trial court rendered judgment that appellee, Rodolfo Canales, be allowed to adopt the minor child, the judge presiding over the adoption case also giving consent to the adoption as Judge of the Juvenile Court.

By four points of error appellant asserts in substance that: (1) the trial court erred in denying his first motion for continuance, (2) that the petition for adoption is insufficient in law for failure to allege grounds for not requiring the written consent of the natural father, (3) that there were no pleadings or evidence to support submission of special issue No. 1, and (4) the verdict of the jury is not supported by the evidence.

■ By his first point of error, appellant asserts that the trial court erred in overruling his motion for continuance. Appellee's petition for adoption was filed on December 2, 1966, and the trial court set the case for hearing on January 20, 1967. After appellant intervened on January 17, 1967, the case was set for jury trial in March, 1967. At the latter time appellant was in California and appellant's attorney requested a re-setting for September, 1967, in order to allow appellant to come back for the trial, and to secure attendance of an out-of-state witness. No written motion for continuance was filed, but the court granted appellant's request and the case was re-set for September 11, 1967. On September 7, 1967, appellant filed a written motion designated "Intervenor's First Motion for Continuance," and on September 11, 1967, the trial date, filed a motion designated "Intervenor's Amended First Motion for Continuance." Both motions were sworn to by the attorney for appellant. Both of appellant's motions were based in part upon the alleged inability of appellant to appear because appellant "is in the State of California and through difficulty in travel, employment, and injuries resulting from an automobile accident." The amended motion had attached to it a telegram dated September 7, 1967 from appellant in San Francisco, California to his attorneys in Edinburg, Texas, reading as follows:

"Unable to appear September 11 because of back injury and treatment by Dr. Benjamin H. Maeck, San Francisco. Request postponement."

Appellant's motions also alleged that:

"That a material witness, whose testimony is material to proceeding is out of the State of Texas in Clyde, Ohio, namely Mrs. Frank B. Estrada; that her presence at trial scheduled for this month cannot

be had at this time, and her testimony cannot be obtained from any other source, Intervenor expecting to prove by said witness that Intervenor never abandoned or failed to support his minor child commensurate with his financial ability, as alleged in the petition herein; that Intervenor has reason to expect procurement of the attendance of said witness within two months."

The record does not reflect that either of appellant's motions was presented to or acted upon by the court, although counsel for appellant near the close of the trial offered the above-mentioned telegram in evidence and it was excluded by the court.

Appellant did not allege that due diligence had been used to secure the presence or testimony of either appellant or the out-of-state witness. Appellant had a period of about six months, from March until September, 1967 to prepare his case and procure desired testimony of witnesses either by way of deposition or personal appearance. Appellant's motions for continuance did not allege or show due diligence in such respect, and did not comply with Rules 251 or 252, Texas Rules of Civil Procedure. The allegations of the motions were no more than conclusions and failed to allege specific facts as required by said rules and the decisions thereunder.

■ The exercise of the trial court's discretionary power to grant or deny continuance is subject to review on appeal, but judgment will not be reversed for denial of application for continuance unless abuse of discretion is shown. See Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856 (1952); Bray v. Miller, 397 S.W.2d 103 (Tex.Civ.App., Dallas, 1965, wr. ref. n. r. e.). Assuming that appellant's motions for continuance were duly presented to the court, on the record before us there is no abuse of discretion shown on the part of the trial court in refusing to sustain them. Appellant's point one is overruled.

■ Appellant's second point of error asserts that appellee's petition for adoption is insufficient in law in that it fails to allege grounds for not requiring the written consent of the natural father.

Appellee's petition alleged in part as follows:

"The natural father of said child is ERAS*I*MO GARCIA who lives in Salinino, Texas and whose consent is not required for the reason that, as provided for in Section 6 of Article 46a, V.A.C.S., he has not contributed to the support of said child during at least two (2) years prior to the exhibiting of this petition and in fact has not contributed substantially to the support of said child during the last seven (7) years and has, in fact, seen said child only on two occasions during said seven year period."

Appellant's specific complaint is that the petition for adoption did not allege that appellant had not contributed substantially to the support of his minor child for a period of two (2) years "commensurate with his financial ability." However, appellant's plea of intervention alleged in part as follows:

"Since Intervenor's loss of actual custody of said child, through child's mother's wish to separate from Intervenor, your Intervenor has contributed to his said child commensurate with his ability and the child's need."

Appellant did not file special exceptions or complain in the trial court concerning the omission of the words above-referred to, and did not include any ground relating to same in his motion for new trial. We believe that the allegations of the petition for adoption were sufficient in law to support the Judgment of Adoption, since Section 6 of Art. 46a, Vernon's Ann.Civ.St., was particularly referred to in connection with appellant's alleged failure to support his child. Also, appellant's own pleading disclosed that he had been placed on notice of the issue in such respect, and that it

involved child support commensurate with his financial ability. Appellant's point two is overruled.

By his third point of error appellant asserts that the trial court erred in submitting special issue No. 1 because there were no pleadings or evidence to support it. Appellant's fourth point asserts that the jury verdict was not supported by evidence. Appellant's contention concerning alleged inadequacy of the pleadings to authorize submission of special issue No. 1 is substantially the same as made under his point two, which we have held is not well taken. The remaining contention is that there was no evidence to authorize submission of special Issue No. 1 or to support the jury finding thereon. The child support records of the District Court of Starr County, Texas reflect that after the divorce decree of February 4, 1960, appellant made child support payments until September 21, 1961. Mrs. Elva S. Canales, mother of the minor child, testified that appellant did not make such child support payments after that date, except that in May, July and August, 1967 four checks were sent to her by appellant, payable to Marlon Eric Garcia. Mrs. Canales retained the checks and identified them at the trial. The only contributions made by appellant from September 1961 until December 1966, when the petition for adoption was filed, consisted of some pants, shirts and coat which were sent to the boy on two occasions at Christmas and on two of his birthdays. Appellant did not visit his son from sometime in the year 1961 until December 1965.

The testimony of appellant's mother and sister was to the effect that appellant was gainfully employed from at least the month of June 1964 until December 1966, when the adoption petition was filed. There was testimony by such witnesses also to the effect that during the year 1962, 1963 and until June 1964 that appellant was unemployed and his mother sent him about $1150.00 in that period of time of which $65.00 was in 1964; that after June 1964, appellant went back to work; that appellant

worked for some older people in 1964 and 1965 with a starting salary of $400.00 per month; that in the year 1966 and until February 1967, appellant worked for an ambulance company and after that worked as a chauffeur for a man named Conde. Appellant's mother, his sister and his attorney testified in substance that appellant had established a savings account in California as Trustee for his son, and that they had seen the pass book of such account. Appellant's sister and his attorney testified that there was about one thousand dollars in the account.

Aside from the question of pleadings, the contention made by appellant under his third and fourth points is a "no evidence" point. See Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.Ct.1965). The evidence is legally sufficient to support the jury finding that appellant failed to contribute substantially to the support of his son, commensurate with his financial ability to do so for at least a two-year period prior to the filing of the petition for adoption. In particular the evidence is legally sufficient to support a finding that at least from June 1964 until December 1966, a period of about two and one-half years, appellant failed to furnish child support commensurate with his financial ability to do so. Appellant's evidence that he had set up a savings account for his son, of which appellant had control, is not helpful to his position. Such evidence tends to show that appellant failed to actually furnish support for his son commensurate with his financial ability.

The two-year period of time provided for by Art. 46a, V.A.C.S., need not be immediately prior to filing the petition for adoption or the judgment allowing same, but may be any two-year period. Once such a two-year period of unexcused non support is established, an adoption of the child without consent of the father may be granted pursuant to the statutory provisions. Lout v. Whitehead, 415 S.W.2d 403 (Tex.Sup.Ct., 1967). Appellant's points three and four are overruled.

The statutory conditions authorizing adoption without consent of the natural father were established in this case and the consent given in the court below by the judge acting as judge of the juvenile court was proper, as was the judgment of the district court allowing the appellee to adopt the minor child.

The judgment of the trial court is affirmed.