**Lloyd HOMFELD, Appellant,**

v.

**Marshall O. PENCE and Barbra Pence, Appellees.**

No. 6263.

Court of Civil Appeals of Texas, El Paso.

Nov. 15, 1972.

Rehearing Denied Dec. 6, 1972.

Fike & Hunter, William Hunter, Dalhart, for appellant.

Guevara, Rebe & Armstrong, D. L. Armstrong, El Paso, for appellees.

## OPINION

WARD, Justice.

This is an adoption proceeding initiated by the stepfather with the non-consenting natural father filing and presenting the contest. Trial was non-jury to the Court who granted the adoption and upon request filed findings of fact and conclusions of law. We affirm.

Barbra and Lloyd Homfeld were married in 1959 and had two children, Anita, who was born in July, 1960, and Treavor, who was born in August, 1965. Barbra and Lloyd Homfeld lived in the Amarillo area until they separated in July, 1967. Thereafter, Barbra moved with her two children to El Paso, and in October, 1967, secured a Juarez divorce, whereby she was awarded the custody of the children. No provision was made therein for any child support from Lloyd Homfeld. No issue has arisen as to the legality of the Mexican divorce. In October, 1967, Barbra and Marshall Pence were married and the two children in question have since lived in this new home in El Paso. In 1970, they had a son born to them. In addition to this baby and the two children, Anita and Treavor, whose adoption is before us, David Pence, Mr. Pence's son by a former marriage, has lived with them since their marriage, he having been born in 1962.

Since his divorce, Lloyd Homfeld has continued to live in the Amarillo and Dalhart areas, and in December, 1968, he remarried and has three stepchildren living with him in his new home. Although the testimony is conflicting to some degree, it can be said that Mr. Homfeld exhibited little concern as to his own children and never visited with them after November, 1968, a period of almost three years before the petition for adoption was filed. There is

no evidence that he ever requested that the children be sent to him for a summer or holiday visit. While having a steady income, he made no attempt to provide regular child support payments between the divorce in October, 1967, and April, 1971. In October, 1970, Barbra Pence initiated proceedings in the District Court in El Paso to compel Lloyd Homfeld to support their two children. The action led to some discussion concerning the possibility of adoption. In April, 1971, an agreed judgment was entered providing that Mr. Homfeld would pay the sum of $50.00 per month per child as well as all bills for orthodontic treatment for the children. In July, 1971, the present adoption proceeding was filed by Mr. and Mrs. Pence and therein they invoked Article 46a, Section 6, Vernon's Tex.Rev.Civ.Stat.Ann., as the exception for the necessity for the consent of the natural father alleging in particular that "such father of said children has not contributed substantially to the support of said children, at least during the period of the preceding two years, commensurate with his financial ability; . . ."

The substance of the trial Court's findings of fact material to the disposition of this case, which does not include the facts noted above, is to the effect that between October 16, 1967, and April 21, 1971, Lloyd Homfeld contributed no monies towards the support and maintenance of the minor children; that after the agreed order he did pay $750.00 child support; that Barbra Pence never refused to accept child support from Lloyd Homfeld; that Lloyd Homfeld was gainfully employed and earning amounts from 1967 through 1970 varying from some $6,000.00 to $5,400.00 annually, together with other benefits; that Marshall Pence is self-employed and has an annual income of $40,000.00; and that the Judge of the Juvenile Court has consented to the adoption.

The trial Court concluded that Lloyd Homfeld did not contribute substantially to the support of the minor children between the years 1967 through October, 1971, in-clusive, commensurate with his financial ability; that Marshall Pence is a fit and proper person to adopt the children and it would be in their best interest that he adopt them.

■ Mr. Homfeld first contends that there is no evidence to support the trial Court's finding that the adoption is in the best interest of the children and that the finding is against the weight and preponderance of the evidence. In reviewing the legal insufficiency point first where we consider only the evidence and inferences arising which tend to support the finding and disregarding all evidence to the contrary, we find that the children are well adjusted in their new home, that Mr. Pence would be a good father, and that he had no fear that he would not succeed in his business or in his ability to take care of the children. This considered with the unattacked report and recommendation of the investigator more than satisfied any requirement on the appellees' side of the coin. On the other side even though the appellant for several years was under no order to support his children, the duty remained. The lack of payment was visible as was the indifference displayed as to any visitation with the children. These considerations justified the Court in concluding that the best interest of the children coincided with the granting of the adoption.

As to the factual insufficiency of the evidence point, we have considered all of the evidence and the reasonable inferences arising therefrom. While the early marital history of Mr. Pence might be described as unsavory, he is at present well established with more than adequate income and gained the excellent report from the investigator. The Court below heard and saw the witnesses testify. That Court was in a better position than we are to judge their credibility and the weight to be given their testimony. While the Court's discretion is subject to review for abuse, we may not substitute our judgment for its just because we might have reached a different conclusion. We find no abuse of discre-

tion before us. The first two points are overruled.

■ Certain testimony is referred to by the appellant as constituting an admission by Mr. Pence that he did not desire to adopt Anita. He was being cross-examined concerning the contents of a letter written under the direction of Mrs. Pence in November, 1970, wherein her attorney wrote that at that time Anita should not be adopted. We fail to see where this constituted a binding admission against the present adoption. The consent is established by the sworn petition to adopt and his appearance and testimony in this proceeding.

■ The next group of points complain of the findings made by the Court which justify the consent to the adoption by the Judge of the Juvenile Court in the face of the non-consent of the natural parent. Emphasis is made in the points to the limitation imposed by appellees' pleadings that the natural father "has not contributed substantially to the support of said children, at least during the period of the preceding two years, commensurate with his financial ability; . . ." These assertions are made in light of the rule that while the adoption statutes are to be liberally construed in favor of the minors in order to effectuate their beneficial purpose, a rule of strict construction applies in favor of a non-consenting parent. Heard et ux. v. Bauman, 443 S.W.2d 715 (Tex.Sup.1969). We also consider the established rule that the two year period in Art. 46a, Sec. 6, supra, providing that the adoption may be permitted over the objection of the natural parent if such parent has not contributed substantially to the support of such child for two years, need not be the two years immediately prior to the judgment of adoption but may be any two year period. Lout et ux. v. Whitehead, 415 S.W.2d 403 (Tex.Sup.1967). In this regard, the finding of fact of the trial Court is significant that Lloyd Homfeld contributed no monies toward the support and maintenance of the minor children be-

tween the date of the Barbra Pence remarriage on October 16, 1967, and the date of the agreed support order of April 21, 1971. Due to the fact that the Court found that between April 22, 1971, and October 14, 1971, the appellant contributed $750.00 to the support, the appellant argues that the appellees' pleadings limit them to proof of non-support during the two years immediately before the filing of the petition, and the latter finding of the trial Court shows that the appellant has substantially contributed within the critical two year period and therefore the proof has failed.

■ While we agree with the contention that an allegation in an adoption petition of the facts which excuse the necessity of obtaining the parental consent is a jurisdictional matter, Ex parte Blackstock, 319 S.W.2d 167 (Tex.Civ.App.—Eastland 1958, writ ref'd n. r. e.), the fact that a different period is shown at the adoption hearing than that alleged does not create a jurisdictional problem. A review of the evidence here shows that the issue as to any consecutive two year period between 1967 and 1971 was tried by implied consent, and was fully developed by all parties to the suit. 2 McDonald, Texas Civil Practice, Sec. 5.18, p. 52.

■ The testimony of the appellee shows that no support was paid during the three and a half years as determined by the trial Court. The evidence is to the effect that appellant could have made steady payments during those years. The no evidence point is overruled. As to the insufficiency of the evidence point, we have reviewed the entire record and while it is conflicting it is sufficient to support the trial Court's finding that there did exist a two year period that the appellant did not furnish support commensurate with his ability. The terms of the Juarez divorce do not excuse him. The obligation of the natural father to furnish support commensurate with his ability exists regardless of a court order. Laslie v. Cole, 465 S.W.2d 811 (Tex.Civ.App.—Corpus Christi 1971, no writ). The payment of support pay-

ments just prior to the adoption proceedings do not as a matter of law destroy an accrued right to adopt without the father's consent. Jones v. Bailey, 284 S.W.2d 787 (Tex.Civ.App.—Dallas 1955, writ ref'd n. r. e.). Occasional gifts are insufficient to fulfill the obligation. The statutory conditions authorizing adoption without consent of the natural father were established and the consent given in the Court below by the Judge in his capacity as Judge of the Juvenile Court was proper as was the judgment allowing the adoption. Garcia v. Canales, 434 S.W.2d 895 (Tex.Civ.App.— Corpus Christi 1968, no writ).

That the appellees had successfully maintained a suit for support and had accepted benefits thereunder created no estoppel nor made a binding election of remedies. The order provided no more than that which the appellant was obligated to do, and the best interest of the children was the primary consideration in the adoption case.

All points of the appellant have been considered and they are overruled.

The judgment of the trial Court is affirmed.