45 S.W.3d 146 (2000)
In the Interest of R.C., a Child.
No. 2-99-397-CV.
Court of Appeals of Texas, Fort Worth.
September 28, 2000.
*147 Thomas L. Allensworth, Wichita Falls, for Appellant.
Barry Macha, Dist. Atty., Rebecca Boswell Ruddy, Asst. Dist. Atty., Wichita Falls, for Appellee.
Panel F: CAYCE, C.J.; DAY and RICHARDS, JJ.

OPINION
DAVID L. RICHARDS, Justice.
Appellant S.C. appeals from the trial court's judgment terminating her parental rights to her daughter, R.C.[1] Appellant raises three issues on appeal, complaining about the factual sufficiency of the evidence to support the judgment of termination. Because we are limited by the constraints of Tex. R. App. P. 34.6(c), we must affirm the trial court's judgment.

BACKGROUND
The Texas Department of Protective and Regulatory Services sought termination of Appellant's parental rights under section 161.001(1)(D), (E), (O), and 161.001(2) of the Family Code, which provide:
§ 161.001 Involuntary Termination of Parent-Child Relationship
The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence:
(1) that the parent has:
....
(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;
(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; [or]
....
(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; [and]
....
(2) that termination is in the best interest of the child.
Tex. Fam. Code Ann. § 161.001(1)(D), (E), (O), & (2) (Vernon Supp.2000).
The termination proceedings were conducted by jury trial. After the close of the evidence, the trial court instructed the jury that in order for Appellant's parental rights to be terminated, they must find by clear and convincing evidence that at least one of the events listed in subsections (D), (E), or (O) of section 161.001(1) occurred and that termination of the parent-child relationship would be in R.C.'s best interest. The issue of termination was submitted to the jury using a single broad-form question. The jury answered the issue affirmatively, finding that Appellant's parental *148 rights to R.C. should be terminated. Based upon the jury's findings, the trial court rendered a judgment of termination.

FACTUAL SUFFICIENCY OF THE EVIDENCE AND RULE 34.6(c)
In appealing the trial court's judgment, Appellant contends there is insufficient evidence to support the jury's decision that her parental rights be terminated under either subsection (D), (E), or (O) of section 161.001(1). Generally, we are required to consider all the evidence in the case in reviewing a factual sufficiency issue. See Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406 (Tex.), cert. denied, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998). In this case, however, Appellant chose to pursue her appeal with only a partial reporter's record. Therefore, before we can address the issues she raises, we must determine whether Appellant complied with Tex. R. App. P. 34.6(c), which sets forth the requirements for pursuing an appeal on a partial reporter's record.[2]
Under rule 34.6(c), an appellant who properly designates certain portions of the reporter's record may appeal a sufficiency point without a complete record. Tex. R. App. P. 34.6(c)(1). In designating a partial record under this rule, the appellant must include in the request a statement of the points or issues to be presented on appeal. The appellant is then limited to those designated points or issues on appeal. See id.
If the appellant complies with rule 34.6(c), they are entitled to the presumption that the omitted portions of the record are not relevant to the disposition of the appeal. See id. 34.6(c)(4); Jaramillo v. Atchison, Topeka & Santa Fe Ry. Co., 986 S.W.2d 701, 702 (Tex.App.-Eastland 1998, no pet.). If, on the other hand, the appellant fails to comply with rule 34.6(c), the contrary presumption arises, and this court must instead presume that the omitted portions support the judgment rendered. See CMM Grain Co., 991 S.W.2d at 439.
Strict compliance with rule 34.6(c) is necessary to activate the presumption that the omitted portions of the record are irrelevant to the issues on appeal and appellate disposition. See id. While the terminology of the statement of issues need not be exact, the statement should describe the nature of the complained of error with reasonable particularity. See id.
Appellant's request for a partial reporter's record included a statement of the issues she sought to raise on appeal.[3] Specifically, Appellant framed her issues for appeal as "insufficient evidence to establish (A) that she had neglect[ed] and/or endangered little [R.C.] and (B) that even if she did, that termination of [Appellant's] parental rights would not be in [R.C.'s] best interest." Appellant's designated issues challenge only the first and second grounds for termination under sections 161.001(1)(D) and (E). See Tex. Fam. Code *149 Ann. § 161.001(1)(D), (E). However, the jury also considered a third ground for termination under section 161.001(1)(O). Appellant did not challenge the sufficiency of the evidence pertaining to section 161.001(1)(O) in her designation of issues for appeal. While Appellant does complain on appeal of the sufficiency of the evidence to support a finding of termination under section 161.001(1)(O), she is limited in this appeal to those issues properly designated under rule 34.6(c). Tex. R. App. P. 34.6(c)(1).
When multiple grounds for termination are sought and the trial court submits the issue using a broad-form question, we must uphold the jury's findings if any of the grounds for termination support the jury's finding. See Edwards v. Texas Dep't of Protective and Regulatory Servs., 946 S.W.2d 130, 134-35 (Tex.App.-El Paso 1997, no writ); see also Texas Dep't of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex.1990) (op. on reh'g). Because Appellant did not comply with rule 34.6(c) with regard to the third ground for termination under section 161.001(1)(O), she cannot invoke the presumption that anything omitted from the record is irrelevant to the jury's decision to terminate her parental rights. Rather, we must presume that the omitted portions of the record contain sufficient evidence to support the jury's decision to terminate under the third ground. See Gardner v. Baker & Botts, L.L.P., 6 S.W.3d 295, 298 (Tex. App.Houston [1st Dist.] 1999, pet. denied) (points not properly designated under rule 53(d), although raised on appeal, result in presumption that omitted portions of record would have shown evidence to be legally and factually sufficient).[4]
In addition to finding that one or more of the acts or omissions enumerated under section 161.001(1) occurred, a verdict of termination also requires a finding that termination is in the best interest of the child. See Tex. Fam. Code Ann. § 161.001(1), (2); Richardson v. Green, 677 S.W.2d 497, 499 (Tex.1984). However, Appellant raises no issue on appeal regarding whether termination was in R.C.'s best interest. Although Appellant properly designated this issue under rule 34.6(c), she abandons this issue on appeal.
Because we must presume that the omitted portions of the record support the jury's verdict for termination under section 161.001(1)(O) and because Appellant makes no challenge to the jury's finding that termination is in R.C.'s best interest, we uphold the jury's finding of termination. Accordingly, we overrule Appellant's challenges to the sufficiency of the evidence and affirm the trial court's judgment.
NOTES
[1] The child's father has not been involved in R.C.'s life and did not appear at the termination hearing. The trial court also terminated his parental rights to R.C.
[2] While neither party on appeal raises this compliance issue, we must resolve the issue to determine the proper presumption to be applied in reviewing the trial court's judgment. See Tex. R. App. P. 34.6(c)(4) (requiring appellate court to presume that designated partial record constitutes entire record for purposes of reviewing stated points or issues); CMM Grain Co. v. Ozgunduz, 991 S.W.2d 437, 439 (Tex.App.-Fort Worth 1999, no pet.) (failure to comply with rule 34.6(c) results in appellate court applying contrary presumption that omitted portions of record support the judgment rendered).
[3] Although Appellant did not specifically reference rule 34.6(c) in her request for the reporter's record, it is apparent that she requested a partial record, and only a partial record is before this court.
[4] Rule 53(d) was the predecessor to current rule 34.6(c). Compare Tex. R. App. P. 53(d) (Vernon 1997, revised 1997) with Tex. R. App. P. 34.6(c).