

# IN THE
## TENTH COURT OF APPEALS

### No. 10-10-00108-CV

## IN THE INTEREST OF D.S.W., A CHILD

**From the 77th District Court
Limestone County, Texas
Trial Court No. 28,180-A**

## MEMORANDUM OPINION

After a jury trial, the trial court entered an order terminating Appellant Jason W.'s parental rights to D.S.W., his son. Raising three points, Jason appeals.

We begin with Jason's second point, which asserts that the evidence is legally and factually insufficient[1] to support the jury's finding that Jason failed to support D.S.W. in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition. *See* TEX. FAM. CODE ANN. § 161.001(1)(F)

---

[1] The standards of review for legal and factual sufficiency in termination cases are well-established. *In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency). Jason's points argue that the evidence is "insufficient" without specifying whether he is challenging legal or factual sufficiency. His prayer for relief requests reversal and rendition or, alternatively, reversal and remand. Therefore, we construe his points to challenge the legal and factual sufficiency of the evidence. *See Rischer v. State*, 85 S.W.3d 839, 842-43 (Tex. App.—Waco 2002, no pet.).

(Vernon Supp. 2010).

D.S.W.'s mother, Deanna, filed her cross-petition for termination of Jason's parental rights on October 30, 2006. Consistent with the jury charge, the relevant twelve-month period of non-support ran from October 29, 2005 to October 29, 2006. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000) (sufficiency of evidence is measured against charge as submitted). Deanna bore the burden of proving by clear and convincing evidence that Jason had the ability to pay during each of these months. *See In re N.A.F.*, 282 S.W.3d 113, 116 (Tex. App.—Waco 2009, no pet.). She likewise had to prove that he failed to pay support commensurate with his ability. *See Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex. 1976).

Jason testified that he accumulated $8,300 in savings from 2001 to 2005. His felony community supervision was revoked in June 2005, and he was sentenced to eighteen months' confinement in a state-jail facility. During his incarceration, these funds remained in his savings account. He was discharged in January 2006 and found a job paying about $1,200 per month. He left an unmarked envelope with a $100 money order in Deanna's mailbox for D.S.W. in August 2006. Deanna returned the envelope to him unopened. Jason testified that this was his only effort to pay child support during the relevant period.

Although Jason was incarcerated for a little more than two of the twelve months, he had at his disposal $8,300 in savings while incarcerated. *See In re M.N.M.*, No. 01-03-00007-CV, 2003 WL 22382694, at *3 (Tex. App.—Houston [1st Dist.] Oct. 16, 2003, no pet.) (mem. op.) (considering father's savings account in evaluating ability to support

child); *Garcia v. Canales*, 434 S.W.2d 895, 898 (Tex. Civ. App.—Corpus Christi 1968, no writ) (same). After release, he had a job that afforded him the ability to pay support.

The statute permits termination if a parent fails to support the child *in accordance with his ability*. *See* TEX. FAM. CODE ANN. § 161.001(1)(F); *Wiley*, 543 S.W.2d at 351. Jason's wife has two children, but there is no evidence in the record that he has adopted them. Thus, D.S.W. is the only child whom he owes a legal duty of support. *See In re A.J.L.*, 108 S.W.3d 414, 421-22 (Tex. App.—Fort Worth 2003, pet. denied) (step-parent cannot be ordered to pay child support). Under the applicable guidelines, Jason's child-support obligation would be more than $200 per month based on his monthly earnings in 2006. *See* TEX. FAM. CODE ANN. § 154.061 (Vernon 2008), § 154.125 (Vernon Supp. 2010). There was no evidence that other financial obligations prevented him from paying more. One payment of less than half the usual monthly child support obligation does not equate to supporting a child in accordance with one's ability. *See In re B.T.*, 954 S.W.2d 44, 49 (Tex. App.—San Antonio 1997, writ denied) (occasional, small gifts do not satisfy parent's duty of support); *accord Phillips v. Tex. Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 348, 358 (Tex. App.—Austin 2000, no pet.).

The evidence is legally and factually sufficient to support a finding that Jason had the ability to support D.S.W. because of his savings account and because of his job after he was released from the state jail and that he failed to support D.S.W. from October 29, 2005 to October 29, 2006 in accordance with his ability. Point two is overruled.

When multiple grounds for termination are alleged and the trial court submits

the issue using a broad-form question, we must uphold the jury's finding if the evidence supports any of the grounds submitted. *In re M.C.M.*, 57 S.W.3d 26, 32 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *In re R.C.*, 45 S.W.3d 146, 149 (Tex. App.—Fort Worth 2000, no pet.). Here, the trial court submitted a broad-form question on the issue of termination and instructed the jury regarding the two predicate grounds for termination alleged in Deanna's cross-petition. Thus, we need not address Jason's first point, which challenges the other predicate ground for termination included in the charge.[2]

Jason asserts in his third point that the evidence is legally and factually insufficient to support the jury's finding that termination was in D.S.W's best interest. In determining the best interest of a child, a number of factors have been considered, including (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent that may indicate the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not exhaustive, but simply indicates factors that have been or could be pertinent. *Id.*

*Desires of the Child:* The parties presented no evidence on this issue.

---

[2] The other ground for termination was that Jason voluntarily left D.S.W. in another's possession without providing adequate support and remained away for at least six months. *See* TEX. FAM. CODE ANN. § 161.001(1)(C) (Vernon Supp. 2010).

*The Child's Emotional and Physical Needs and the Emotional and Physical Danger to the Child:* The parties presented little evidence regarding D.S.W.'s needs. Deanna testified that he has bonded well with his step-father, his step-brother, and his sister. They had been his de facto family for three and a half years at the time of trial, and he was in a stable environment.

Although Jason presented evidence that he has turned his life around, he also had been discharged from community supervision for driving while intoxicated only four months before trial. In the ten years before suit was filed, he had a conviction for possession of marijuana, two convictions for DWI, a felony conviction for forgery that ultimately resulted in his sentence to the state-jail facility, a marijuana charge and a DWI charge that were dropped because of his state-jail sentence, and a charge of assaulting his wife, which was not prosecuted. Several sanctions were imposed on him while on community supervision because of failed drug tests and other violations.

When the positive environment offered to D.S.W. by Deanna is contrasted with Jason's history of drug and alcohol abuse and family violence, we conclude that the evidence on these factors weighs in favor of the best-interest finding. *See In re Swim*, 291 S.W.3d 500, 506 n.6 (Tex. App.—Amarillo 2009, no pet.) ("Consideration of a child's best interests may include whether a parent has a dependence on drugs or alcohol.").

*Parental Abilities and Available Programs:* Deanna and her husband are providing a safe and appropriate home for D.S.W., his step-brother, and his sister. Jason appears to be providing appropriate parental guidance to his step-children.

*Plans for Child and Stability of Home:* Deanna and her husband are providing a

stable home for D.S.W., and her husband has a consistent source of income from his job. The only future plans she spoke of were for him to adopt D.S.W. if Jason's rights were terminated. Jason was enrolled in a community college at the time of trial and was self-employed. He had been married for three years at the time of trial and appeared to have a stable home life with his wife and her two children. He did not speak of any future plans for D.S.W. other than his desire to establish and maintain their relationship and have D.S.W. become a part of his family. While close, the evidence on these factors weighs in favor of the best-interest finding.

*Jason's Acts or Omissions and Any Excuses for Them:* Jason has failed to support D.S.W. for a number of years. He has a criminal history marked by drug and alcohol abuse, family violence, and deception. The evidence on these factors weighs heavily in favor of the best-interest finding.

Viewing all the evidence under the appropriate standards, we conclude that the evidence is legally and factually sufficient to support the jury's finding that termination of Jason's parental rights was in D.S.W.'s best interest. Point three is overruled, and having overruled Jason's second and third points, we affirm the trial court's termination order.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed December 29, 2010
[CV06]