

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-19-00566-CV

**IN THE INTEREST OF J.E.R.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA00940
Honorable Richard Garcia, Associate Judge Presiding

Opinion by:　Luz Elena D. Chapa, Justice

Sitting:　　Rebeca C. Martinez, Justice
　　　　　Luz Elena D. Chapa, Justice
　　　　　Beth Watkins, Justice

Delivered and Filed: February 12, 2020

AFFIRMED

Joe[1] appeals an order terminating his parental rights regarding J.E.R., arguing the trial court's findings in support of termination are not supported by legally and factually sufficient evidence. We affirm the order of termination.

### BACKGROUND

On May 2, 2018, the Texas Department of Family and Protective Services filed an original petition seeking conservatorship of J.E.R. and for termination of the parental rights of Joe and J.E.R.'s mother, Amber. J.E.R. was removed from Amber shortly after his birth because "he tested

---

[1] To protect the identity of the minor child, we refer to the child's parents by their first names and the child by his initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

positive for several drugs." A few days after J.E.R. was born, he was placed with a foster-adopt family.

The case proceeded to a bench trial. The trial court admitted the Department's family service plans for both parents, and a final judgment in a prior case terminating Joe's and Amber's parental rights to two of their other children. The trial court also heard the testimony of several witnesses, including the Department's caseworker Elaine Perez, Joe, J.E.R.'s foster mother Olivia, and Joe's brother's girlfriend, Maria.

Generally, the undisputed evidence establishes the day J.E.R. was born, in March 2018, was the only time Joe saw J.E.R. Joe then left San Antonio to work in the City of Pearsall for three months, then visited his brother, and then went to work in Victoria. In November 2018, Joe was arrested for possession of methamphetamine. The record does not establish where Joe was arrested, but it is undisputed Joe was incarcerated in Bexar County. Joe was released on bond, but then was detained by Immigration and Customs Enforcement until the time of trial.

After trial, the trial court rendered judgment, ordering the termination of Joe's and Amber's parental rights. The trial court found Joe abandoned and constructively abandoned J.E.R., and failed to comply with court-ordered provisions of his family service plan. The trial court also found termination of Joe's parental rights is in J.E.R.'s best interest. Joe appeals.[2]

## TERMINATION OF PARENTAL RIGHTS

To terminate parental rights, the Department must prove by clear and convincing evidence: (1) one of the predicate grounds for termination in subsection 161.001(b)(1); and (2) termination is in the child's best interest. TEX. FAM. CODE §§ 161.001(b), 161.206(a). We review the legal and

---

[2] Amber did not appeal.

factual sufficiency of the evidence using well-established standards of review. *See id.* § 101.007; *In re J.F.C.*, 96 S.W.3d 256, 263–67 (Tex. 2002).

## A. Findings of Grounds for Termination

The trial court found three predicate grounds for termination of Joe's parental rights. A finding of only one ground is necessary. *See In re D.J.H.*, 381 S.W.3d 606, 611–12 (Tex. App.—San Antonio 2012, no pet.). The Department argues sufficient evidence supports the trial court's finding of abandonment under section 161.001(b)(1)(C). *See In re T.B.D.*, 223 S.W.3d 515, 518 (Tex. App.—Amarillo 2006, no pet.) (noting subsection (C) "is among those commonly characterized as involving the abandonment of a child by a parent.").

A finding of abandonment under subsection (C) requires a showing that a parent has "voluntarily left the child . . . in the possession of another without providing adequate support of the child and remained away for a period of at least six months." Tex. Fam. Code § 161.001(b)(1)(C). This provision requires a showing "that the parent did not visit the child for six consecutive months" from the date the parent voluntarily left the child with another. *In re J.G.S.*, 574 S.W.3d 101, 115 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). In providing adequate support of the child, "a parent is only required to make arrangements for adequate support of the child, not personally send support." *In re R.M.*, 180 S.W.3d 874, 877 (Tex. App.—Texarkana 2005, no pet.).

Joe argues his incarceration alone does not constitute voluntary abandonment. However, the evidence shows Joe voluntarily left J.E.R. with Amber. Joe testified he saw J.E.R. the day he was born, but then left the city for work and to stay with his brother. Joe also testified the day of J.E.R.'s birth was the only time that he saw or visited J.E.R. Perez, the Department's caseworker, confirmed Joe was not involved in J.E.R.'s life when J.E.R. was removed and that Joe had had no

visits with J.E.R. This testimony shows Joe voluntarily left J.E.R. in the possession of another and remained away for a period of at least six months.

In his brief, Joe states that while he was incarcerated, he "was unable to work and, therefore, unable to provide support of his child." Joe testified he did not provide support during the time he was working, after the Department filed suit, because he was "waiting for a document to come in." The duty of support is continuous and "commensurate with [a parent's] ability exists regardless of a court order." *Homfeld v. Pence*, 487 S.W.2d 224, 227 (Tex. Civ. App.—El Paso 1972, no writ). Although Joe testified he gave Amber money for herself and J.E.R., he testified he was aware the Department had removed the child from Amber soon after he was born. Furthermore, occasional monetary gifts do not provide adequate support. *See id.* Applying our standard of review, we hold the evidence supports the trial court's finding of abandonment under section 161.001(b)(1)(C). Because a finding of only one predicate ground for termination is necessary, we need not address Joe's challenges to the trial court's findings of other predicate grounds. *See In re D.J.H.*, 381 S.W.3d at 611–12; TEX. R. APP. P. 47.1.

## B. Best Interest Finding

Joe also argues the trial court's best interest finding is not supported by sufficient evidence. In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the

existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.*

Perez testified that at the time of trial, J.E.R. was almost fifteen months old. Perez and Olivia, J.E.R.'s foster mother, testified in detail about how J.E.R. is bonded with his foster family; J.E.R. is progressing in the care of his foster family; and J.E.R.'s foster family is meeting his basic needs. It is undisputed that Joe saw J.E.R. only on the day J.E.R. was born. "When children are too young to express their desires, the fact finder may consider that the children have bonded with the foster family, are well-cared for by them, and have spent minimal time with a parent." *See In re S.J.R.-Z.*, 537 S.W.3d 677, 693 (Tex. App.—San Antonio 2017, pet. denied). Perez and Olivia testified J.E.R. suffers from night terrors, and his foster parents are able to console him when he does. Olivia testified she desires to adopt J.E.R.

The evidence also shows Joe has a history of criminal activity, incarceration, and drug use. *See In re J.J.C.B.R.*, No. 04-19-00297-CV, 2019 WL 4453734, at *2 (Tex. App.—San Antonio Sept. 18, 2019, no pet.) (mem. op.) (considering evidence of these types of facts in analyzing evidence of a child's best interest). The trial court admitted a judgment ordering termination of Joe's parental rights regarding two other children because his drug use endangered those children, and he either failed to complete a drug program or completed such a program and then relapsed. Joe also testified that, six months after the underlying lawsuit was filed, he was arrested for possession of methamphetamine. It is undisputed Joe had no visits with J.E.R. during this case and only saw J.E.R. once in his lifetime. The evidence further shows Joe left J.E.R. with Amber despite knowing she was using drugs and homeless. Joe testified he planned to take J.E.R. back to Honduras if he were deported, but noted there was no definitive time when his immigration status would be resolved. Applying our standard of review, we hold the evidence supports the trial court's

finding that termination of Joe's parental rights is in J.E.R.'s best interest. *See Holley*, 544 S.W.2d at 371–72.

## CONCLUSION

Because sufficient evidence supports the findings necessary for the trial court's order terminating Joe's parental rights, we affirm the order of termination.

Luz Elena D. Chapa, Justice